**NOT FOR PUBLICATION**

OCT 17 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH GREGORY WILLIAMS,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>OREGON DEPARTMENT OF CORRECTIONS; et al.,<br><br>Defendants - Appellees. | No. 12-35091<br><br>D.C. No. 3:10-cv-00730-SI<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted October 10, 2013
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

Kenneth Gregory Williams appeals from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging violations under the Eighth

Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

novo the district court's grant of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), its decision granting qualified immunity, *Prison Legal News v. Lehman*, 397 F.3d 692, 698 (9th Cir. 2005), and its decision granting Eleventh Amendment immunity, *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 838 (9th Cir. 1997), and we affirm.

The district court properly granted summary judgment in favor of Jerry Becker, Dave Degner, David Gillies, Ole Hansen, Ted Randall, Steven Shelton, Jennifer Stevens, and John Vargo because Williams failed to raise a triable issue of fact as to whether any of these defendants were deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Whether additional diagnostic techniques or forms of treatment were necessary were matters for the defendants' medical judgment, *see id.* at 107, and there is no evidence that they chose a course of treatment that was medically unacceptable under the circumstances or that they otherwise knew of and disregarded an excessive risk to Williams' health, *see Snow v. McDaniel*, 681 F.3d 978, 987–88 (9th Cir. 2012); *Toguchi*, 391 F.3d at 1057.

It necessarily follows that because Williams has not shown a constitutional violation, the defendants are also entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). To whatever extent the defendants were

sued in their official capacities for money damages or retrospective equitable relief, Eleventh Amendment immunity bars those claims. *See Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex parte Young* [209 U.S. 123 (1908)] avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (internal quotation marks omitted)).

**AFFIRMED**.